IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DOUGLAS LYNN KIRK, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:15-CV-673-O |
| § | |
| LORIE DAVIS, Director,[1] § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Douglas Lynn Kirk, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner was charged in Tarrant County, Texas, in a three-count indictment with capital murder (count one) and murder (counts two and three). Adm. R., Clerk's R. 2, ECF No. 10-14. The state appellate court set forth the factual and procedural background of the case as follows:

> On the evening of April 24, 2010, Orlando Benavides helped Kirk move from 1700 Clover Lane to 2820 Raton Drive, loaning both his truck and physical labor. Around 10:00 p.m., Kirk and Benavides made their last trip of the night to the Clover Lane house. When Kirk and Benavides arrived at the Raton Drive house, Alphonso Beza, who lived next door, approached them, introduced himself, and volunteered

---

[1] Effective May 4, 2016, Lorie Davis replaced Williams Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

>   to help unload the truck. Kirk accepted Beza's offer, and Beza invited Pedro Diaz and another man to help unload the truck.
>
>   Around 1:00 a.m., Kirk announced that it was time for everyone to leave, said good night to Beza and Diaz, and walked Benavides to his truck. What occurred after Benavides left is disputed. Kirk claimed that he thought Beza and Diaz were trying to steal from him and that they threatened him. After firing four warning shots into the ceiling of his house, he kneeled in the corner of a bedroom and fired down the hallway, killing both men.
>
>   Kirk was charged with murdering Beza and Diaz by shooting them with a firearm. The State presented evidence to counter Kirk's self-defense and defense-of-property theories, and after deadlocking on counts one and two, the jury found Kirk guilty of count three–causing Diaz's death by shooting him with a firearm–and assessed his punishment at forty-seven years' confinement and a $1,000 fine.

*Id.,* Op. at 1-2, ECF No. 8-7.

The appellate court affirmed the trial court's judgment of conviction, and the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Id.* at 25; Resp't's Preliminary Answer 3, ECF No. 15. Petitioner has not sought postconviction state habeas relief. Resp't's Preliminary Answer 3, ECF No. 15. Petitioner brings one ground for relief in this federal habeas petition, wherein he claims the evidence is legally insufficient to support his murder conviction in violation of due process under the United States Constitution. Pet. 6, ECF No. 1. Respondent asserts that the claim is unexhausted and that the petition should be dismissed without prejudice so that Petitioner may return to state court to exhaust his claim. Resp't's Preliminary Answer 1, 3-5, ECF No. 15.

**II. EXHAUSTION**

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in

the state courts before requesting federal habeas relief. 28 U.S.C. § 2254(b)(1), (c)[2]; *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). A state petitioner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claim(s) to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995).

Petitioner did not raise his insufficiency-of-the-evidence claim in his petition for discretionary review and he has not filed a state habeas application.[3] Thus, his claim is unexhausted. When a defendant fails to properly exhaust an insufficiency-of-the-evidence claim, the Court may find the claim procedurally barred if the "time to file a petition for discretionary review has expired." *Haley v. Cockrell,* 306 F.3d 257, 264 (5th Cir. 2002) (citing TEX. R. APP. P. 68.2), *vacated on other*

---

[2]The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>  (A) the applicant has exhausted the remedies available in the courts of the State; or
>  (B)(i) there is an absence of available State corrective process; or
>  (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

[3]Even if Petitioner had filed a state habeas application raising his claim, under Texas law, a challenge to the sufficiency of the evidence used to support a conviction is not cognizable on habeas review. *Ex parte Grigsby,* 137 S.W.3d 673, 674 (Tex. Crim. App. 2004).

3

*grounds,* 541 U.S. 386 (2004). By failing to timely present such claim in a petition for discretionary review, Petitioner has procedurally defaulted the claim under Texas law. Such default constitutes an adequate and independent state procedural ground to bar federal habeas review. Therefore, absent a showing of cause and prejudice or a miscarriage of justice, which showing has not been made, Petitioner's sole ground for relief is procedurally barred. *See Smith v. Johnson,* 216 F.3d 521, 523-24 (5th Cir. 2000).

## III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** as the sole ground for relief is procedurally barred from this Court's review. A certificate of appealability is **DENIED**.

**SO ORDERED** on this 21st day of June, 2016.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**